UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN J.W. TALLMAN,

    *Plaintiff*,

v.

U.S. GOVERNMENT,

    *Defendant*.

Civil Action No. 1:25-cv-03395 (UNA)

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, *pro se* complaint, ECF No. 1, "Compl.," and motion to appoint counsel, ECF No. 3. For the reasons that follow, the Court grants the application, dismisses the complaint without prejudice, and denies as moot the motion to appoint counsel.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where Plaintiff allegedly

"was subjected to a campaign of surveillance and harassment deriving from uncertain origins"). Consequently, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981).

The instant complaint, with its allegations of electronic surveillance of Plaintiff's movements and manipulation of his food, satisfies this standard. Plaintiff's fanciful assertions, among which are allegations of implantation of a device in Plaintiff's head, *see, e.g.*, Compl. at 6–7, are irrational and unsubstantiated to the point of being frivolous. Because the Court cannot exercise jurisdiction over a frivolous complaint, dismissal is merited. A separate order will issue.

Date: October 31, 2025

_____
CARL J. NICHOLS
United States District Judge